**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-1153**

———————————

SUMARNI FAUZI,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

———————————

**No. 06-1641**

———————————

SUMARNI FAUZI,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

———————————

On Petitions for Review of Orders of the Board of Immigration
Appeals. (A98-395-530)

———————————

Submitted:  October 16, 2006          Decided:  November 21, 2006

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

Armin A. Skalmowski, Alhambra, California, for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Sumarni Fauzi, a native and citizen of Indonesia, challenges two orders of the Board of Immigration Appeals (Board). In No. 06-1153, Fauzi seeks review of an order of the Board affirming the immigration judge's order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] In No. 06-1641, Fauzi petitions for review of a Board order denying her motion to reopen the removal proceedings.

Fauzi challenges the Board's denial of withholding of removal. "To qualify for withholding of removal, a petitioner must show that [s]he faces a clear probability of persecution because of h[er] race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that substantial evidence supports the Board's holding that Fauzi failed to meet this standard.

Fauzi also alleges that the Board erred in denying her protection under the Convention Against Torture. To qualify for this protection, a petitioner bears the burden of proof of demonstrating that "it is more likely than not that he or she would

_____

[*]Fauzi does not challenge the Board's denial of asylum relief on the ground that the asylum application was untimely filed.

- 3 -

be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). Fauzi failed to make such a showing.

Finally, in No. 06-1641, Fauzi challenges the Board's denial of her motion to reopen. We review the denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. Sept. 18, 2006) (No. 06-6650). Denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor such motions. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). This court reverses the Board's denial of such a motion only if the denial is "arbitrary, capricious, or contrary to law." Barry, 445 F.3d at 745. We find the Board did not abuse its discretion in denying the motion to reopen.

Accordingly, we deny Fauzi's petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED