**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1951**

———————

HELEN ANKIAMBOM TITANG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

**No. 06-1677**

———————

HELEN ANKIAMBOM TITANG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petitions for Review of Orders of the Board of Immigration
Appeals.  (A95-906-105)

———————

Submitted:  March 28, 2007        Decided:  April 19, 2007

———————

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petitions denied by unpublished per curiam opinion.

Danielle Beach-Oswald, BEACH-OSWALD IMMIGRATION LAW ASSOCIATION, P.C., Washington, D.C., for Petitioner.  Rod J. Rosenstein, United States Attorney, Paul E. Budlow, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions for review, Helen Ankiambom Titang, a native and citizen of Cameroon, requests review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture, and a separate order denying her motion to reopen.

In No. 05-1951, Titang challenges the Board's determination that she failed to prove her identity, and therefore failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that the evidence does not compel a contrary result.

Since Titang cannot sustain her burden on the asylum claim, she cannot establish her entitlement to withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). As substantial evidence supports the ruling that Titang is

- 3 -

ineligible for asylum, she likewise fails to qualify for withholding of removal.

We also find that substantial evidence supports the finding that Titang fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). We find that Titang failed to make the requisite showing below.

Finally, in No. 06-1677, Titang challenges the Board's denial of her motion to reopen. We review the denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006), cert. denied, 127 S. Ct. 1147 (2007). Denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor such motions. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). We will reverse the Board's denial of such a motion only if the denial is "arbitrary, capricious, or contrary to law." Barry, 445 F.3d at 745. We find the Board did not abuse its discretion in denying the motion to reopen.

Accordingly, we deny Titang's petitions for review. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED