**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1358**

---

BIJAY KUMAR CHHETRI,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

---

**No. 07-1749**

---

BIJAY KUMAR CHHETRI,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

---

On Petitions for Review of Orders of the Board of Immigration
Appeals.  (A93-474-750)

---

Submitted:  November 30, 2007      Decided:  December 18, 2007

---

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

Khagendra Gharti-Chhetry, CHHETRY & ASSOCIATES, P.C., New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Mona Maria Yousif, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Bijay Kumar Chhetri, a native and citizen of Nepal, petitions for review of orders of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT") and denying his motion for reconsideration and to reopen. We deny the petitions for review.

Insofar as Chhetri petitions for review of the Board's order dismissing his appeal from the immigration judge's decision and that part of the subsequent order denying his motion for reconsideration, we deny the petition for review because Chhetri did not challenge either decision in the argument section of his brief. "It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned." United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004). This rule applies in the immigration context as well. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (issues not raised in the opening brief are abandoned).

We further find the Board did not abuse its discretion in denying the motion to reopen based on his marriage to a United States citizen or because of changed conditions in Nepal. This court reviews the Board's denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2007); INS v. Doherty, 502 U.S.

314, 323-24 (1992); <u>Nibagwire v. Gonzales</u>, 450 F.3d 153, 156 (4th Cir. 2006). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. <u>M.A. v. INS</u>, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). In explaining the degree of deference given to the agency's discretionary review, we have observed that the decision to deny a motion to reopen "need only be reasoned, not convincing." <u>Id.</u> at 310 (internal quotation marks and citation omitted). We will reverse a denial of a motion to reopen only if the denial is "arbitrary, capricious, or contrary to law." <u>Barry v. Gonzales</u>, 445 F.3d 741, 745 (4th Cir. 2006) (internal quotation marks and citation omitted), <u>cert. denied</u>, 127 S. Ct. 1147 (2007).

A properly filed motion to reopen for adjustment of status based on marriage entered into after the commencement of proceedings may be granted in the exercise of discretion if clear and convincing evidence presented indicates a strong likelihood that the marriage is bona fide. <u>In re Velarde-Pacheco</u>, 23 I. & N. Dec. 253, 256 (B.I.A. 2002). The relevant immigration regulations set forth the types of documents that a petitioner should submit in order to establish that his or her "marriage was entered into in good faith and not entered into for the purpose of procuring the alien's entry as an immigrant." 8 C.F.R. § 204.2(a)(1)(iii)(B) (2007). The types of documents the petitioner may submit include,

- 4 -

but are not limited to: (1) Documentation showing joint ownership of property; (2) Lease showing joint tenancy of a common residence; (3) Documentation showing commingling of financial resources; (4) Birth certificate(s) of child(ren) born to the petitioner and beneficiary; (5) Affidavits of third parties having knowledge of the bona fides of the marital relationship; or (6) Any other documentation that is relevant to establish the marriage was not entered into in order to evade immigration laws. <u>Id.</u> We note Chhetri did not provide any of the suggested documentation.

We further find Chhetri failed to show changed country conditions in Nepal made him eligible for relief under the CAT.

Accordingly, we deny the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>