UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-2187

GENADIJUS BUDRYS,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.
--------------------------------------

AMERICAN IMMIGRATION LAWYERS ASSOCIATION,

Amicus Supporting Petitioner.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-391-214)

Argued:  December 6, 2007          Decided:  January 4, 2008

Before WILKINSON and SHEDD, Circuit Judges, and James P. JONES,
Chief United States District Judge for the Western District of
Virginia, sitting by designation.

Petition for review denied by unpublished per curiam opinion.

**ARGUED:** Gregory Bryl, Washington, D.C., for Petitioner.  Mary A.
Kenney, AMERICAN IMMIGRATION LAW FOUNDATION, Washington, D.C., for
Amicus Supporting Petitioner.  Andrew Oliveira, UNITED STATES
DEPARTMENT OF JUSTICE, Office of Immigration Litigation,
Washington, D.C., for Respondent.  **ON BRIEF:** Peter D. Keisler,

Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jamie M. Dowd, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Genadijus Budrys, a citizen of Lithuania, petitions for review of the Board of Immigration Appeals' (the "Board") denial of his motion to reopen removal proceedings. He argues reopening was warranted to continue his removal until the United States Citizenship and Immigration Services ("USCIS") determined his adjustment-of-status application. Because we conclude that the Board did not abuse its discretion in denying Budrys' motion to reopen, we deny his petition for review.

I.

Budrys arrived in the United States on or about January 14, 2004. The Immigration and Naturalization Service immediately placed him in removal proceedings because he did not possess a valid entry document. After being paroled into the United States, Budrys sought asylum based on his claim of past persecution and fear of future persecution. On April 11, 2005, Immigration Judge ("IJ") Garry Malphrus found Budrys removable and denied him asylum. The Board affirmed the IJ's order in its May 10, 2006 decision.

On May 26, 2006, Budrys married Maxine Hutson, a United States citizen. The couple sought to adjust Budrys' status through the USCIS on July 25, 2006, with Budrys filing an I-485 application and Hutson filing an I-130 immigrant visa petition on his behalf. On August 7, 2006, Budrys filed a motion with the Board to reopen his

3

removal proceeding and either (a) remand to the IJ to adjudicate his adjustment-of-status application, or (b) hold his removal in abeyance until the USCIS adjudicated his adjustment-of-status application. In response to Budrys' first argument, the Board declined to remand his case to the IJ because it stated that the IJ did not have jurisdiction to adjudicate an application for adjustment of status by an arriving alien placed in removal proceedings, except under circumstances not present under these facts. <u>See</u> 8 C.F.R. § 1245.2(a)(1)(ii). Regarding his second argument, the Board concluded that reopening was not warranted. Budrys now petitions for review of the Board's order.

II.

We review the Board's denial of a motion to reopen for abuse of discretion. <u>Barry v. Gonzales</u>, 445 F.3d 741, 744 (4th Cir. 2006). We recognize that "a denial under the reopening regulations must be reviewed with extreme deference." <u>M.A. v. U.S. I.N.S.</u>, 899 F.2d 304, 308 (4th Cir. 1990)(en banc).

Budrys asserts that the Board <u>abused</u> its discretion because it failed to <u>use</u> its discretion. The relevant portion of the Board's order stated the following:

> Since the respondent is an arriving alien and does not come within the narrow exception which would permit an [IJ] to consider an arriving alien's application for adjustment of status, reopening is not warranted in this case. The respondent must pursue any application for

4

adjustment of status with the [USCIS] independent of these removal proceedings.

In re Genadijus Budrys, File: A97-391-214-Arlington, (BIA Oct. 10, 2006)(citations omitted).  Budrys identifies no error of law in the Board's order.  Regarding Budrys' request to reopen his case and hold his removal in abeyance, the Board determined that reopening was "not warranted."  This statement indicates that the Board believed it had the authority to reopen Budrys' case, but in its discretion, declined to use that authority.  We believe that the Board acted within its discretion in so doing.[*]

In sum, we find that the Board did not abuse its discretion in denying Budrys' motion to reopen.  Accordingly, we deny the petition for review.

<u>PETITION FOR REVIEW DENIED</u>

---

[*]Budrys also argues that the Board abused its discretion by failing to include an analysis of the factors listed in <u>Matter of Velarde</u>, 23 I&N Dec. 253, 256 (BIA 2002).  <u>Velarde</u> does not require an explicit listing of such factors in the Board's decision.