**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1587**

XIU QIN LIN,

             Petitioner,

      v.

MICHAEL B. MUKASEY, Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A74-856-016)

Submitted:  February 26, 2008          Decided:  April 29, 2008

Before MICHAEL and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

Petition granted and remanded by unpublished per curiam opinion.

Gary J. Yerman, New York, New York, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, Assistant Director, Aviva L. Poczter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xiu Qin Lin, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("Board") order denying her second motion to reopen her immigration proceedings. Because we find the Board abused its discretion in denying the motion, we grant the petition for review, vacate the Board's order, and remand this case to the Board for further proceedings.

After illegally entering the United States in October 1998, Lin filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, claiming entitlement to relief because of her opposition to China's family planning policy. Although Lin was neither married nor pregnant at the time of her application, Lin asserted she had a well-founded fear of future persecution if she were removed to China because she would be forced to undergo a gynecological examination.

In a decision that issued on January 14, 2000, the Immigration Judge ("IJ") denied Lin's application. Lin appealed to the Board, which affirmed the IJ's decision without opinion on September 30, 2002. Lin did not petition this court for review of this decision. Instead, over three years later, Lin filed a motion to reopen proceedings based on changed circumstances, which the Board denied on June 13, 2006. Lin did not petition this court for review of this order.

- 2 -

Lin filed a second motion to reopen in November 2006, arguing her immigration proceedings should be reopened because new and previously unavailable evidence established a change in country conditions; namely, increased enforcement of the family planning policy. Lin also argued that a change in her personal circumstances — giving birth to three children while living in the United States — necessitated re-evaluation of her asylum application because she was now in violation of China's family planning policy, and would be forcibly sterilized if she returned. Lin further claimed, in the alternative, that she was entitled to file a successive asylum application, despite being under a final order of removal.

In support of her motion, Lin submitted the following evidence: her personal, notarized affidavit, detailing conversations with her father, who lives in the Fujian Province (Lin's home province), in which her father reported that several women were forcibly sterilized after the birth of their second children; an amended I-589 application and supporting affidavit; Lin's birth certificate; Lin's husband's legal permanent resident card; Lin's marriage certificate; and the birth certificates of Lin's three children. In addition to this personal evidence, Lin also submitted objective documentary evidence to establish an increase in the government's enforcement measures. Among other things, this evidence included the Policy Statement from the

Administrative Office of the National Population and Family Planning Committee ("Policy Statement"); a 1999 question and answer sheet issued by the Changle City Family Planning Office addressing the family planning policy; demographer John Aird's September 2002 testimony before the Congressional-Executive Commission on China; the May 2003 Consular Information Sheet on China; the 2004 Department of State Country Report on China; the 2005 Department of State Country Report on China ("2005 Country Report"); Fujian Province's Population and Family Planning Regulation, issued in 2002; the 2005 annual report from the Congressional-Executive Commission on China; and two newspaper articles reporting human rights violations arising from enforcement of the family planning policy. Lin argued that, considered together, these documents established changed country conditions.

The Board denied Lin's motion to reopen, concluding the birth of Lin's three children in the United States constituted a change in personal circumstances, not a change in country conditions. Relying upon the 2005 Country Report and taking administrative notice of the 2006 State Department Report on Country Conditions in China ("2006 Country Report"), the Board opined Lin's evidence established that country conditions were "substantially similar" to those in existence when she was initially denied relief. This petition for review timely followed.

- 4 -

Lin's petition for review is limited to the Board's decision denying her second motion to reopen. Lin failed to timely petition for review of the Board's September 30, 2002 order, which affirmed and adopted the immigration judge's denial of her requests for asylum, withholding of removal, or protection under the Convention Against Torture, or of the Board's denial of her first motion to reopen. Lin had thirty days from the date of those orders to timely file a petition for review. See 8 U.S.C. § 1252(b)(1) (2000). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). Thus, Lin's petition for review of the Board's order denying her second motion to reopen, filed June 22, 2007, cannot be considered timely as to the Board's previous orders.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C.A. § 1229a(c)(7)(A), (C) (West 2005 & Supp. 2007); 8 C.F.R. § 1003.2(c)(2) (2006), invalidated on other grounds, William v. Gonzales, 499 F.3d 329, 334 (4th Cir. 2007). The time and numerical limitations do not apply if the basis for the motion to reopen is to seek asylum or withholding of removal based on changed country conditions. 8 U.S.C.A. § 1229a(c)(7)(C)(ii) (West 2005 & Supp. 2007); 8 C.F.R. § 1003.2(c)(3)(ii) (2006). To proceed under this exception, the applicant must present evidence of changed

country conditions that "is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C.A. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).  "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."  8 C.F.R. § 1003.2(c)(1) (2006).

We review the Board's denial of a motion to reopen for abuse of discretion.  8 C.F.R. § 1003.2(a) (2006); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Nibagwire v. Gonzales, 450 F.3d 153, 156 (4th Cir. 2006).  The denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor such motions.  M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc).  This court reverses the Board's denial of a motion to reopen only if the denial is "arbitrary, capricious, or contrary to law."  Barry v. Gonzales, 445 F.3d 741, 745 (4th Cir. 2006) (internal quotations and citation omitted).

The Board issued its final order of removal on September 30, 2002.  Lin, however, did not file this second motion to reopen until November 21, 2006, almost four years after the expiration of the ninety-day deadline for filing such a motion.  Thus, Lin's motion was untimely.  Lin's motion was also numerically barred, as it was Lin's second motion to reopen.  8 C.F.R. § 1003.2(c)(2).

Thus, the central issue is whether the Board abused its discretion in concluding Lin's evidence of changed country conditions was insufficient to support the untimely and numerically barred motion to reopen.

In a recently published decision, the Eleventh Circuit considered facts very similar to those at issue here, and reached a conclusion contrary to the decision reached by the Board in Lin's case. Li v. U.S. Att'y Gen., 488 F.3d 1371 (11th Cir. 2007); but see Wang v. BIA, 437 F.3d 270 (2d Cir. 2006). In Li, a Chinese national from the Fujian Province sought to reopen her immigration proceedings based on the birth of her two children[1] and increased family planning enforcement efforts in the Fujian Province. Id. at 1372-73. In support of her motion to reopen, Li submitted much of the same evidence Lin presented to the Board here. Id. at 1373. The only material difference in the evidence is that the applicant in Li presented an affidavit from her mother reporting forced abortions and sterilizations, whereas Lin detailed her father's reports of forced sterilizations in her own affidavit.[2] Id.

---

[1]It is unclear whether Li gave birth to her children before or after her final order of removal was issued.

[2]Lin's evidence also differed from Li's in that Li provided the 2005 Consular Information Sheet, whereas Lin provided the 2003 version of that document. Li, 488 F.3d at 1373. However, both documents contain the same relevant information: that except under certain circumstances, the Chinese government considers children born to Chinese nationals abroad to be Chinese citizens. Id.

In granting Li's petition for review, the Eleventh Circuit set forth all the evidence Li presented in support of her claim, and concluded it was unavailable at the time of her initial asylum hearing.  Id. at 1373, 1375.  The Eleventh Circuit further opined this was "evidence of a recent campaign of forced sterilization in [Li's] home village, evidence consistent with the conclusion of recent government reports," and that it "clearly satisfied the criteria for a motion to reopen."  Id. at 1375.

We grant Lin's petition for review.  Save for the issue of when the petitioner in Li gave birth to her children, the record before us is almost identical to the record before the Eleventh Circuit in Li.  Lin's evidence is arguably even more supportive of the motion, as the Board here also took administrative notice of the 2006 Country Report, which noted that, during 2005, "officials in . . . Fujian Province reportedly forcibly sterilized women." Dep't of State, 2006 Country Reports on Human Rights Practices in China (2007), http://www.state.gov/g/drl/rls/hrrpt/2006/78771.htm. This represents a significant departure from previous Department of State Country Reports, which did not report any such enforcement activity in the Fujian Province.

Although the Board properly considered Lin's evidence of changed country conditions, see Guo v. Gonzales, 463 F.3d 109, 115 (2d Cir. 2006), the Board's decision finding Lin's evidence insufficient to establish a change in country conditions was

contrary to law.  Although reporting sources continue to reflect the Chinese government's policy prohibiting forcible sterilizations, the 2006 Country Report, coupled with Lin's affidavit recounting her father's assertions of several forced sterilizations, evidence the type of change in country conditions necessary to support reopening.[3]

Accordingly, we grant Lin's petition for review, vacate the Board's order denying Lin's motion to reopen, and remand this case to the Board for further proceedings.[4]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION GRANTED AND REMANDED

---

[3]Notably, though Lin's original asylum application was predicated on her opposition to China's family planning policy, she did not claim a fear of forcible sterilization because she had not, at that time, violated the policy.

[4]Because we grant Lin's petition for review on this issue, we do not address her alternative contention that the Board erred in concluding she could not file a successive asylum application.