**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1497**

BIMAL GYAWALI,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 30, 2008       Decided:  August 21, 2008

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Bimal Gyawali, Petitioner Pro Se.  Kristin Kay Edison, Daniel Eric Goldman, James Eugene Grimes, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bimal Gyawali, a native and citizen of Nepal, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. We deny the petition for review.

This court reviews the Board's denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2008); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Nibagwire v. Gonzales, 450 F.3d 153, 156 (4th Cir. 2006). A denial of a motion to reopen must be reviewed with extreme deference. Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). We will reverse a denial of a motion to reopen only if the denial is "arbitrary, capricious, or contrary to law." Barry v. Gonzales, 445 F.3d 741, 745 (4th Cir. 2006) (internal quotations and citation omitted). We have recognized three independent grounds for denial of a motion to reopen removal proceedings: "(1) the alien has not established a *prima facie* case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998).

The Board correctly noted that the motion was untimely. See 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2008). In addition, the Board did not abuse its discretion in

finding Gyawali failed to show changed country conditions warranting a reopening.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED