**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1066**

AFIA NOMAN-ASLAM,

                    Petitioner,

          v.

MICHAEL B. MUKASEY, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 21, 2008          Decided:  January 5, 2009

Before WILLIAMS, Chief Judge, and GREGORY and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Anser Ahmad, AHMAD LAW OFFICES, P.C., Harrisburg, Pennsylvania, for Petitioner.  Gregory G. Katsas, Assistant Attorney General, Carol Federighi, Eric W. Marsteller, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Afia Noman-Aslam, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("Board") denying her motion to reconsider its prior order, which denied Noman-Aslam's motion to reopen removal proceedings.

This court reviews the Board's denial of a motion to reconsider with extreme deference and only for abuse of discretion. 8 C.F.R. § 1003.2(a) (2008); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006); Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). The Board's broad discretion will be reversed only if its decision "lacked a rational explanation, departed from established policies, or rested on an impermissible basis." Jean, 435 F.3d at 483 (internal quotation marks and citations omitted).

Noman-Aslam presents no argument relevant to whether the Board abused its discretion in denying her motion for reconsideration. Therefore, we find the issue has been abandoned on appeal. Fed. R. App. P. 28(a)(9)(A); United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned."); Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (stating failure to raise an issue in an opening brief results in abandonment of that issue).

To the extent that Noman-Aslam's brief can be construed to challenge the Board's alternative holding that the motion should be denied as a second and untimely motion to reopen proceedings, the claim fails. An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2008). We review the Board's denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Nibagwire v. Gonzales, 450 F.3d 153, 156 (4th Cir. 2006). This court will reverse a denial of a motion to reopen only if the denial is "arbitrary, capricious, or contrary to law." Barry v. Gonzales, 445 F.3d 741, 745 (4th Cir. 2006) (internal quotations and citation omitted).

In denying the motion on this alternative reasoning, the Board did not abuse its discretion. Construed as a motion to reopen, the motion was plainly numerically barred; the Board denied the first motion to reopen less than three weeks before the motion was filed. Moreover, as the Board noted, the motion was also time-barred, as it was filed almost five months after the Board affirmed the immigration judge's order of removal.

For the foregoing reasons, we deny the petition for review for the reasons stated by the Board. See In re: Noman-Aslam (B.I.A. Nov. 30, 2007). We dispense with oral argument

3

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED