PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

AISSATOU BARRY,

*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,

*Respondent.*

No. 05-1219

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A95-902-551)

Argued: March 15, 2006

Decided: April 19, 2006

Before MICHAEL, KING, and GREGORY, Circuit Judges.

---

Petition for review denied and judgment affirmed by published opin-
ion. Judge Gregory wrote the opinion, in which Judge Michael and
Judge King joined.

---

## COUNSEL

**ARGUED:** Danielle L. C. Beach-Oswald, NOTO & OSWALD, P.C.,
Washington, D.C., for Petitioner. Kristin Kay Edison, UNITED
STATES DEPARTMENT OF JUSTICE, Office of Immigration Liti-
gation, Washington, D.C., for Respondent. **ON BRIEF:** Peter D.
Keisler, Assistant Attorney General, Civil Division, Michelle E. Gor-
den, Senior Litigation Counsel, UNITED STATES DEPARTMENT

OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

## OPINION

GREGORY, Circuit Judge:

Aissatou Barry, on behalf of herself and her six-year-old daughter, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen. Because Barry relies on evidence that was available in her initial deportation proceeding, and because Barry did not comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), in asserting her ineffective assistance of counsel claim, we conclude that the BIA did not abuse its discretion in denying her motion. Accordingly, we deny her petition.

I.

Barry and her infant daughter, natives and citizens of the Republic of Guinea ("Guinea"), entered the United States in September 2001 with authorization to remain here for no longer than six months. In June 2002, Barry filed an application for asylum with the Immigration and Naturalization Service ("INS") based on political persecution.[1] Subsequently, the INS served Barry with a Notice to Appear indicating that she was subject to removal under section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States beyond the six months she had been permitted.

In March 2003, Barry appeared before an immigration judge and conceded removability. At that time, Barry applied for asylum, withholding of removal, protection under the Convention Against Torture,

---

[1]By operation of the Homeland Security Act, Pub. L. No. 107-296, 116 Stat. 2135 (2002), the INS ceased to exist as an independent agency within the Department of Justice. The service and functions of the former INS were transferred to the Department of Homeland Security's U.S. Citizenship and Immigration Services.

and voluntary departure. Specifically, Barry alleged that she and her family were members of an opposition political party and had been subjected to political persecution. The immigration judge denied all of Barry's applications on the grounds that she had not met her burden of proving past persecution or a well founded fear of future persecution. Accordingly, the immigration judge ordered Barry and her daughter removed to Guinea. Barry did not appeal this decision to the BIA.

In April 2003, Barry filed a motion to have the immigration judge reconsider her previous ruling. The immigration judge denied this motion, concluding that Barry had not demonstrated any errors of law or fact. Barry appealed this decision to the BIA, and the BIA adopted and affirmed the immigration judge's denial. Barry then filed a timely petition for review in this court, which we subsequently denied. *See Barry v. Gonzales*, 124 Fed. Appx. 821 (4th Cir. Apr. 5, 2005) (unpublished).

On November 1, 2004, Barry, on behalf of herself and her daughter, filed a motion to reopen her proceedings with the BIA in order to reapply for asylum, withholding of removal, as well as relief under the Convention Against Torture. In support of this motion, Barry essentially alleged that her prior counsel's ineffective assistance prevented her from presenting evidence of female genital mutilation ("FGM") during her initial removal proceedings. Specifically, Barry asserted that her prior counsel had failed to discover that she had undergone FGM; that the practice of FGM was widespread in Guinea; and that her daughter would likely be forced to undergo FGM if they were removed to Guinea. Barry attached the following documents to her motion to reopen: (1) a personal affidavit describing her experience as a victim of FGM; (2) an affidavit from Barry's current counsel, who attested that she, and not previous counsel, had discovered that Barry had undergone FGM; (3) an unnotarized affidavit from a physician confirming that Barry had undergone FGM; and (4) documents from the U.S. Department of State and Amnesty International discussing the widespread practice of FGM in Guinea.

By opinion dated February 2, 2005, the BIA denied Barry's motion to reopen. In so doing, the BIA first noted that under 8 C.F.R. § 1003.2, motions to reopen must be supported by new facts and sup-

ported by affidavits and other evidentiary material. Further, the BIA recognized that a motion to reopen shall not be granted unless the evidence offered in support thereof was not available and could not have been discovered or presented at the initial hearing. To the extent that the FGM evidence had been available during the initial asylum proceedings, the BIA concluded that Barry had not satisfied the requirements for reopening under the regulation.

Since Barry had also argued that she should not be penalized for her previous counsel's failure to discover and present the FGM evidence, the BIA determined that Barry had asserted ineffective assistance of counsel as an alternative basis for her motion to reopen. Accordingly, the BIA concluded that it needed to assess whether Barry had satisfied the requirements for ineffective assistance of counsel claims under *Lozada*. Concluding that Barry had not satisfied the three-prong test set forth in *Lozada*, the BIA declined to reopen the proceedings based on Barry's allegation of ineffective assistance. Barry filed a timely petition for review.

## II.

In this appeal, Barry essentially raises two arguments. First, Barry contends that the BIA abused its discretion in denying her motion to reopen, where (1) she substantially complied with the *Lozada* requirements; and (2) her prior counsel's ineffectiveness was apparent. Second, Barry submits that because she presented material evidence that was not available and could not be discovered or presented during the initial proceedings, the BIA abused its discretion in denying her motion to reopen under 8 C.F.R. § 1003.2(c).

To the extent that Barry challenges the BIA's denial of her motion to reopen, we review for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323-24 (1992); *Stewart v. INS*, 181 F.3d 587, 595 (4th Cir. 1999). The BIA's denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen "are disfavored . . . [because] every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Id.* at 596 (internal quotation marks omitted). Thus, we will reverse the BIA's decision for abuse of discretion only if it is "arbitrary, capricious, or

contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002).

### A.

We are compelled to conclude that the BIA did not abuse its discretion in denying the motion to reopen on the basis of ineffective assistance of counsel, because Barry failed to comply substantially with the *Lozada* requirements. In reviewing the BIA's denial of Barry's motion to reopen, we recognize as an initial matter that FGM constitutes persecution within the meaning of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42)(A).[2] *See Mohammed v. Gonzales*, 400 F.3d 785, 795 (9th Cir. 2005) ("[P]ersecution in the form of female genital mutilation is similar to forced sterilization and, like that other persecutory technique, must be considered a continuing harm that renders a petitioner eligible for asylum, without more."); *Abay v. Ashcroft*, 368 F.3d 634, 638 (6th Cir. 2004) ("Forced female genital mutilation involves the infliction of grave harm constituting persecution on account of membership in a particular social group that can form the basis of a successful claim for asylum.); *Abankwah v. INS*, 185 F.3d 18, 23 (2d Cir. 1999) ("That FGM involves the infliction of grave harm constituting persecution under Section 101(a)(42)(A) of the Act, 8 U.S.C. § 1101(a)(42)(A) (1994), is not disputed here."). Thus, to the extent that Barry presented credible evidence that she was subjected to FGM, and since the Attorney General does not contest this evidence or the fact that Barry's daughter will likely be subject to FGM if she is removed to Guinea, Barry has made out a prima facie case of persecution that would have entitled her to

---

[2]That statute provides in pertinent part as follows:

> The term refugee means (A) any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]

8 U.S.C. § 1101(a)(42).

asylum, had her prior counsel discovered and presented this evidence during the initial removal proceeding. Because of her prior counsel's alleged ineffectiveness, Barry only presented this evidence for the first time in support of her motion to reopen. Accordingly, our power to grant relief is significantly circumscribed.

Under an abuse of discretion standard, we only review the merits of the BIA's denial of a motion to reopen on the basis of ineffective assistance of counsel where the alien has complied with the reasonable requirements set forth by the BIA in *Lozada*. *See Stewart*, 181 F.3d at 596 (4th Cir. 1999) ("Because Stewart failed properly to make a claim of ineffective assistance of counsel [under *Lozada*], this Court cannot consider the claim."). Under *Lozada*, an alien asserting ineffective assistance of counsel must (1) provide an affidavit describing her agreement with counsel; (2) inform counsel of the allegation against her and provide her with an opportunity to respond; and (3) indicate whether a complaint has been filed with the appropriate disciplinary authorities, and if one has not been filed, explain why not. *Stewart*, 181 F.3d at 596 n. 9 (citing *Matter of Lozada*, 19 I. & N. at 639).

The BIA justifies these requirements as a means for "assessing the substantial number of claims of ineffective assistance of counsel that come before [it]." *Lozada*, 19 I. & N. at 639. Further, the BIA notes that "[w]here essential information is lacking, it is impossible to evaluate the substance of such claim." *Id.* With respect to the third requirement, indicating whether a complaint has been filed, the BIA has explained that it is to protect against collusion between petitioners and their counsel to achieve delay. *See Rivera-Claros*, 21 I. & N. Dec. 599, 604-05 (BIA 1996).

As many of our sister circuits have recognized, strict compliance with *Lozada* is not always required. *See Jian Yun Zheng v. Ashcroft*, 409 F.3d 43, 46 (2d Cir. 2005) ("[R]eview on the merits may be conditioned on substantial compliance with the reasonable requirements set forth in *Lozada*."); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) ("A petitioner claiming ineffective assistance of counsel in an immigration proceeding must demonstrate substantial compliance with the *Lozada* requirements . . . ."); *Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 133 (3d Cir. 2001) ("There are inherent

dangers, however, in applying a strict, formulaic interpretation of *Lozada*."); *Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000) ("While the requirements of *Lozada* are generally reasonable, they need not be rigidly enforced where their purpose is fully served by other means.").

Thus, although *Lozada* provides a useful framework for assessing ineffective assistance claims, an alien's failure to satisfy all three requirements does not preclude appellate court review in every case. We will reach the merits of an ineffective assistance of counsel claim where the alien substantially complies with the *Lozada* requirements, such that the BIA could have ascertained that the claim was not frivolous and otherwise asserted to delay deportation. However, an alien who fails to satisfy any of the three *Lozada* requirements will rarely, if ever, be in substantial compliance.

After reviewing the record in this case, we conclude that Barry did not substantially comply with the *Lozada* requirements. With respect to the first requirement, Barry failed to submit an affidavit demonstrating the scope of her agreement with counsel. Thus, because Barry did not put forth any evidence regarding her discussions with counsel and counsel's concomitant assurances to her, the BIA had no way of determining whether Barry's prior counsel's representation fell below the requisite standard.

As to the second requirement, there is no evidence that Barry notified her prior counsel of the allegations or provided counsel with an opportunity to respond while the motion to reopen was pending before the BIA. Although Barry points this Court to a letter in which her prior counsel responded to the general allegation that she had been ineffective in her representation, this letter was written six months after the BIA denied the motion to reopen. Thus, because this letter was never presented to the BIA, it is not part of the certified administrative record, and we cannot consider it. *See Farrokhi v. INS*, 900 F.2d 697, 700 (4th Cir. 1990).

Finally, with respect to the third requirement, Barry's filing with the BIA did not address whether or not she had lodged a disciplinary complaint against her prior counsel. Although Barry now contends

that she had initially drawn up a complaint against her prior counsel but ultimately decided not to file it, she did not so notify the BIA.

In sum, because Barry failed to satisfy any of the *Lozada* requirements and otherwise failed to put forth any evidence before the BIA demonstrating that she had a valid ineffective assistance of counsel claim, we must conclude that the BIA did not abuse its discretion in denying the motion to reopen. Accordingly, we cannot review the merits of Barry's ineffective assistance of counsel claim.

## B.

Turning to the BIA's alternative basis for denying Barry's motion to reopen—that her petition did not comport with the requirements of 8 C.F.R. § 1003.2(c)—we conclude that the BIA did not abuse its discretion. Pursuant to 8 C.F.R. § 1003.2(c), a motion to reopen "shall not be granted unless it appears to the BIA that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.* § 1003.2(c). Although it was undisputed that Barry had been subjected to FGM in Guinea many years before she came to the United States, and that Barry's daughter would likely be subjected to FGM if she is returned to Guinea, the BIA correctly determined that the FGM evidence had been available and could have been discovered or presented during the initial deportation proceedings. Accordingly, the BIA correctly concluded that it had no authority to grant Barry's motion under the regulation.

## III.

For the foregoing reasons, Barry's petition for review is denied and the BIA's Order denying Barry's motion to reopen deportation proceedings is affirmed.

*PETITION FOR REVIEW*
*DENIED AND JUDGMENT*
*AFFIRMED*