**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1019**

GINETTE SYLVIE BILALA-KOUTSANA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-627-047)

Submitted:  June 30, 2006        Decided:  July 13, 2006

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jacqueline E. Ngole, Rockville, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Elizabeth L. Loeb, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ginette Sylvie Bilala-Koutsana, a native and citizen of the Republic of Congo, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing her appeal from the immigration judge's decision denying her motion to reopen after she was ordered removed to the Republic of Congo after in absentia proceedings. Bilala-Koutsana claims the Board abused its discretion in affirming the immigration judge's denial of the motion to reopen. Bilala-Koutsana also contends the Board abused its discretion in denying her motion to remand for the purpose of considering her petition for adjustment of status. We deny the petition for review.

We review a denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006). Denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor such motions. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). This court reverses the Board's denial of a motion to reopen only if the denial is "arbitrary, capricious, or contrary to law." Barry, 445 F.3d at 745.

We find the Board did not abuse its discretion in finding Bilala-Koutsana's reason for not appearing at her hearing was not exceptional.

We also find the Board did not abuse its discretion in denying the motion to remand.  Bilala-Koutsana did not provide sufficient evidence of a prima facie showing of the bona fides of her marriage.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED