**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1138**

---

ALEXEI VALERI SOLDATOV,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

**No. 06-1885**

---

ALEXEI VALERI SOLDATOV,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petitions for Review of Orders of the Board of Immigration Appeals.  (A97-933-454)

---

Submitted:  March 14, 2007          Decided:  April 27, 2007

---

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

---

Petitions denied by unpublished per curiam opinion.

Paul V. LiCalsi, Jacob Inwald, SONNENSCHEIN, NATH & ROSENTHAL, LLP, New York, New York, for Petitioner.  Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Janet A. Bradley, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Alexei Valeri Soldatov, a native and citizen of Moldova, seeks to challenge two decisions of the Board of Immigration Appeals ("Board"). In No. 06-1138, Soldatov challenges the Board's order affirming the immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. Because the Board affirmed the immigration judge's order without opinion, we treat the immigration judge's reasoning as that of the Board's in our review. 8 C.F.R. § 1003.1(e)(4) (2006); Haoua v. Gonzales, 472 F.3d 227, 231 (4th Cir. 2007).

To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Soldatov fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the immigration judge's denial of Soldatov's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding

of removal under [8 U.S.C.] § 1231(b)(3)." <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004). Because Soldatov fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Soldatov did not present an argument concerning the denial of protection under the Convention Against Torture to the Board. (JA 11-60). This court lacks jurisdiction over any claim that was not administratively exhausted. 8 U.S.C. § 1252(d)(1) (2000); <u>Gandziami-Mickhou v. Gonzales</u>, 445 F.3d 351, 359 n.2 (4th Cir. 2006) (citing <u>Asika v. Ashcroft</u>, 362 F.3d 264, 267 n.3 (4th Cir. 2004)).

Finally, in No. 06-1885, Soldatov petitions for review of a decision of the Board denying his motion to reopen removal proceedings. We have reviewed the record and the Board's order and find that the Board did not abuse its discretion in denying Soldatov's motion to reopen. <u>See</u> 8 C.F.R. § 1003.2(a) (2006); <u>Barry v. Gonzales</u>, 445 F.3d 741, 744 (4th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1147 (2007).

Accordingly, we deny the petitions for review for the reasons stated by the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>