## UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

### No. 06-1915

---

JAMES SONG NKUO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

### No. 06-2262

---

JAMES SONG NKUO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petitions for Review of Orders of the Board of Immigration Appeals.  (A96-089-115)

---

Submitted:  July 23, 2007          Decided:  August 17, 2007

---

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Petitions denied by unpublished per curiam opinion.

---

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, Assistant Director, Patrick J. Glen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, James Song Nkuo, a native and citizen of Cameroon, seeks to challenge two decisions of the Board of Immigration Appeals ("Board"). In No. 06-1915, Nkuo challenges the Board's order affirming the immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the Board affirmed the immigration judge's order without opinion, we treat the immigration judge's reasoning as that of the Board's in our review. 8 C.F.R. § 1003.1(e)(4) (2007); Haoua v. Gonzales, 472 F.3d 227, 231 (4th Cir. 2007).

To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Nkuo fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the immigration judge's denial of Nkuo's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum—even though the facts that must be proved are the same—an applicant who is ineligible for asylum is necessarily ineligible for withholding

of removal under [8 U.S.C.] § 1231(b)(3) [(2000)]."  Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).  Because Nkuo fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Nkuo challenges the immigration judge's denial of his claim for protection under the Convention Against Torture.  We hold that substantial evidence supports the immigration judge's finding that Nkuo failed to meet the standard for relief under the Convention Against Torture.  To secure such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2007).  We find that Nkuo failed to make the requisite showing before the immigration court.

Finally, in No. 06-2262, Nkuo petitions for review of a decision of the Board denying his motion to reopen removal proceedings.  We have reviewed the record and the Board's order and find that the Board did not abuse its discretion in denying Nkuo's motion to reopen.  See 8 C.F.R. § 1003.2(a) (2007); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006), cert. denied, 127 S. Ct. 1147 (2007).

Accordingly, we deny the petitions for review for the reasons stated by the Board.  We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED
