**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-1636**

———————

DINO MENBERE,

                                                        Petitioner,

        versus

MICHAEL B. MUKASEY, United States Attorney
General,

                                                        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A76-452-081)

———————

Submitted:  November 28, 2007        Decided:  December 13, 2007

———————

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Scott E. Bratton, MARGARET WONG & ASSOCIATES, LPA, Cleveland, Ohio,
for Petitioner.  Peter D. Keisler, Assistant Attorney General,
Michael P. Lindemann, Assistant Director, Ethan B. Kanter, Senior
Litigation Counsel, U.S. DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dino Menbere, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") denying as untimely her motion to reopen. We deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C.A. § 1229a(c)(7)(A),(C) (West 2005 & Supp. 2007); 8 C.F.R. § 1003.2(c)(2) (2007). We review the Board's denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2007); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Nibagwire v. Gonzales, 450 F.3d 153, 156 (4th Cir. 2006). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). In explaining the degree of deference given to the agency's discretionary review, this court has observed that the decision to deny a motion to reopen "need only be reasoned, not convincing." Id. at 310 (quotation marks and citation omitted). We will reverse a denial of a motion to reopen only if the denial is "arbitrary, capricious, or contrary to law." Barry v. Gonzales, 445 F.3d 741, 745 (4th Cir. 2006) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 1147 (2007).

There is no doubt that Menbere's motion to reopen was untimely.  We further find no error with the Board's finding that Menbere did not show due diligence excusing the late filing.  Accordingly, we find the Board did not abuse its discretion in denying the motion to reopen.  We deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED