**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-1100**

_____

SURAFEL B. WOLDETSADIK,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

_____

**No. 07-1644**

_____

SURAFEL B. WOLDETSADIK,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

_____

On Petitions for Review of Orders of the Board of Immigration Appeals.

_____

Submitted:  June 11, 2008        Decided:  July 2, 2008

_____

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Petitions denied by unpublished per curiam opinion.

_____

Solomon Bekele, LAW OFFICES OF SOLOMON & ASSOCIATES, Silver Spring, Maryland, for Petitioner.  Jeffrey S. Bucholtz, Acting Assistant Attorney General, John C. Cunningham, Senior Litigation Counsel, Joan H. Hogan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Surafel B. Woldetsadik, a native and citizen of Ethiopia, filed petitions for review from the Board of Immigration Appeals' ("Board") orders adopting and affirming the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT") and denying his motion to reopen. We deny the petitions for review.

The Immigration and Naturalization Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2008). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2008); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a

- 3 -

whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find substantial evidence supports the Board's finding that Woldetsadik's testimony and evidence was problematic and he failed to provide reasonably available corroborative evidence. Because he failed to provide corroborative evidence that appeared to be available, the Board denied his applications for asylum and withholding from removal. The record does not compel a different result. Accordingly, we will not disturb the Board's denial of his applications for asylum and withholding from removal.

We also find substantial evidence supports the Board's denial of his application for relief under the CAT. Woldetsadik did not establish his opposition party membership and it appears his father, who was allegedly a target of the Ethiopian government because of his political activities, had not been tortured since he returned to Ethiopia.

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2008); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). The

denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc).

We find the Board did not abuse its discretion. Woldetsadik failed to establish why he could not have received certification of his opposition party membership prior to his hearing. We also find the fact that his brother was granted asylum not material to his claim. Finally, evidence of changed country conditions did not supplant the finding that he failed to establish membership in an opposition political party while in Ethiopia.

We deny the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED