**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1670**

ADJANGBA KOFFI KOUSSODJI,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  February 12, 2009          Decided:  March 19, 2009

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Rev. Uduak J. Ubom, UBOM LAW GROUP, PLLC, Washington, D.C., for Petitioner.  Gregory G. Katsas, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jessica E. Sherman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Adjangba Koffi Koussodji, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reconsider or reopen. We deny the petition for review.

A motion to reconsider asserts the Board made an error in its earlier decision. The movant must specify the error of fact or law in the Board's prior decision. See 8 C.F.R. § 1003.2(b)(1) (2008). We review the Board's denial of a motion to reconsider for abuse of discretion. 8 C.F.R. § 1003.2(a) (2008); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). The Board's broad discretion will be reversed only if its decision "lacked a rational explanation, departed from established policies, or rested on an impermissible basis." Id. at 483 (internal quotation marks and citations omitted). We also review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor such motions. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be

2

supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2008). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

We note that Koussodji failed to make any challenge in his brief to the Board's order denying reconsideration or reopening. Under Rule 28 of the Federal Rules of Appellate Procedure, "the argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Furthermore, the "[f]ailure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal." Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); see also Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (failure to challenge the denial of relief under the CAT results in abandonment of that challenge).

Accordingly, we find Koussodji abandoned his challenge to the Board's order denying his motion for reconsideration or to reopen because he did not raise a challenge to the order in the argument section of his brief. We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

PETITION DENIED