**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-2323**

───────────

JOONG H. CHO; KYOUNG S. KIM; KYU D. CHO,

       Petitioners,

    v.

ERIC H. HOLDER, JR., Attorney General,

       Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration
Appeals.

───────────

Submitted:  May 2, 2011           Decided:  May 20, 2011

───────────

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

───────────

Petition dismissed by unpublished per curiam opinion.

───────────

John D. Shin, Mark R. Millstein, Falls Church, Virginia, for
Petitioners.  Tony West, Assistant Attorney General, John S.
Hogan, Senior Litigation Counsel, Michael C. Heyse, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joong H. Cho, Kyoung S. Kim and Kyu D. Cho are natives and citizens of South Korea. They petition for review an order of the Board of Immigration Appeals ("Board") denying their motions to reopen and to reconsider. Because we conclude the Petitioners have abandoned any challenge to the Board's order, we dismiss the petition for review.

The Petitioners did not file a timely petition for review from the April 2, 2010 order dismissing the appeal from the immigration judge's decision. Their brief, however, is almost entirely an attack on the Board's dismissal order and the immigration judge's ruling. This court does not have jurisdiction to review that order. See 8 U.S.C. § 1252(b)(1) (2006) (stating that the petition for review must be filed no later than thirty days after the date of the final order of removal). It is well-settled that the subsequent filing with the Board of a motion to reconsider does not toll the time for filing a petition for review in the Court of Appeals. See Stone v. INS, 514 U.S. 386, 394, 405-06 (1995).

The denial of a motion to reconsider is reviewed for abuse of discretion. 8 C.F.R. § 1003.2(a) (2010); Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). This court also reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R.

2

§ 1003.2(a); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006). Under Rule 28(a)(9)(A) of the Federal Rules of Appellate Procedure, "the argument [section of the brief] . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]" Furthermore, the "[f]ailure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal." Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); see also Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (failure to challenge the denial of relief under the CAT results in abandonment of that challenge). In their brief, the Petitioners fail to challenge the Board's order denying reopening and reconsideration. Specifically, the Petitioners fail to assert that the Board erred finding that on appeal they did not raise a meaningful challenge to the immigration judge's decision. Similarly, the Petitioners fail to challenge the Board's findings that reopening was not warranted and that their "new" evidence was previously available or cumulative.

Because the Petitioners have abandoned any challenge to the Board's order denying their motions to reconsider and reopen and this court does not have jurisdiction to review the Board's order dismissing the appeal from the immigration judge's

3

decision, we dismiss the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED