UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1770**

MIGUEL ANGEL VASQUEZ MACIAS,

Petitioner,

v.

JEFFERSON B. SESSIONS III,  Attorney General,

Respondent.

**No. 16-1003**

MIGUEL ANGEL VASQUEZ MACIAS,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals.

Submitted:  December 9, 2016                    Decided:  March 16, 2017

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

Jaime Jasso, Westlake Village, California, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Julie Iversen, Senior Litigation Counsel, Janette L. Allen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Miguel Angel Vasquez Macias ("Vasquez") seeks review of two orders of the Board of Immigration Appeals (the "Immigration Board"): (1) a January 15, 2015, decision affirming an Immigration Judge's denial of Vasquez's application for asylum, withholding of removal, and protection under the Convention Against Torture; and (2) a December 8, 2015, decision denying Vasquez's motion to reopen his immigration proceedings due to alleged ineffective assistance of counsel. After careful review, we conclude that Vasquez is not entitled to relief. Accordingly, we deny both petitions.

## I.

Vasquez, a native and national of Venezuela, owns real property in Charlotte, North Carolina. On July 4, 2012, Vasquez presented himself for entry to the United States at the Fort Lauderdale International Airport. At that time, Vasquez held a valid B-1/B-2 visitor's visa, which permitted Vasquez to enter the United States as a *non-immigrant* for a period of not more than one year. *See* 8 C.F.R. § 214.2(b)(1), (2). Based on statements by Vasquez that he was afraid to return to Venezuela, Department of Homeland Security officials determined that, due to his credible fear of persecution in Venezuela, Vasquez intended to *immigrate* to the United States—rather than visit—and consequently lacked

3

appropriate entry documents. The officials, therefore, referred Vasquez to Immigration Court.

In the Notice to Appear filed with the Immigration Court, the Department of Homeland Security charged Vasquez with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who lacked "a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document." Vasquez subsequently applied for asylum, withholding of removal, and protection under the Convention Against Torture.

During proceedings before the Immigration Court, the Immigration Judge found that, at the time of his attempted entry, Vasquez intended to immigrate but lacked a valid immigrant visa. The Immigration Judge offered to allow Vasquez to depart the United States and therefore avoid having an order of removal on his record. Vasquez declined the opportunity to depart because departing would have required him to abandon his asylum application, which he did not want to do.

On January 16, 2014, the Immigration Judge denied Vasquez's asylum application, his request for withholding of removal, and his request for relief under the Convention Against Torture and found Vasquez inadmissible under Section 1182(a)(7)(A)(i). Vasquez appealed that order to the Immigration Board, but in that appeal he only challenged the denial of asylum, withholding of removal, and relief under the Convention Against Torture—not the Immigration Judge's

4

inadmissibility finding. The Immigration Board denied Vasquez's appeal, prompting Vasquez to move for the reopening of his immigration proceedings on grounds of ineffective assistance of counsel. The Immigration Board denied the motion, concluding that Vasquez failed to establish that his counsel performed deficiently or that Vasquez was prejudiced by his counsel's allegedly deficient performance. Vasquez timely petitioned this Court to review both Immigration Board decisions.

## II.

### A.

Vasquez first argues that the Immigration Board erred in denying him relief from the Immigration Judge's finding of inadmissibility. An Immigration Board decision finding inadmissibility "is conclusive unless manifestly contrary to law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(C). "The alien has the burden of proving that he or she is entitled to asylum, withholding of removal, or protection under [the Convention Against Torture]." *Tang v. Lynch*, 840 F.3d 176, 179-80 (4th Cir. 2016). We review de novo the Immigration Board's legal conclusions, "accept[ing] the agency's factual findings unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Mulyani v. Holder*, 771 F.3d 190, 197 (4th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)). "We may not disturb the [Immigration Board]'s determinations on asylum eligibility so long

as those determinations are supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks omitted). Our review of the factual findings underlying Immigration Board decisions denying withholding of removal and relief under the Convention Against Torture is similarly circumscribed. *Id.* (applying substantial evidence standard of review for the Immigration Board's denial of withholding of removal); *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 245 (4th Cir. 2013) (applying substantial evidence standard of review for the Immigration Board's denial of relief under the Convention Against Torture).

Although Vasquez appealed to the Immigration Board the Immigration Judge's decision denying him asylum and other forms of relief from inadmissibility, his petition to this Court focuses entirely on the Immigration Judge's separate finding of inadmissibility on grounds that Vasquez intended to immigrate yet lacked a valid immigrant visa—a finding that Vasquez did not appeal to the Immigration Board. Vasquez concedes that he lacked a valid immigrant visa when he presented for entry. And Vasquez never argued to the Immigration Judge or to the Immigration Board on his direct appeal that he intended to visit the United States, rather than immigrate. On the contrary, in his testimony before the Immigration Judge and briefing to the Immigration Board, Vasquez repeatedly stated that he was scared to return to Venezuela—in

accordance with his statements to Department of Homeland Security officials when he sought entry—supporting the Immigration Judge's conclusion that Vasquez intended to immigrate, rather than visit.  [A.A. 57-59, 62-63.] Accordingly, we find no basis to disturb the finding of inadmissibility.

B.

Second, Vasquez argues that the Immigration Board erred in denying his motion to reopen his immigration proceedings on grounds that his attorney was ineffective.  We review the Immigration Board's denial of a motion to reopen for abuse of discretion and "with extreme deference, given that motions to reopen are disfavored . . . [because] every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Barry v. Gonzales*, 445 F.3d 741, 744–45 (4th Cir. 2006) (alteration in original) (internal quotation marks omitted).  "Thus, we will reverse the [Immigration Board]'s decision for abuse of discretion only if it is arbitrary, capricious, or contrary to law." *Id.* (internal quotation marks omitted).

Vasquez argues that his counsel was ineffective because counsel failed to appeal the Immigration Judge's finding of inadmissibility on grounds that Vasquez lacked a valid *nonimmigrant* visa, notwithstanding that Vasquez told the Immigration Judge that he had a valid visa at the time he presented for entry to the United States.  To obtain relief based on ineffective assistance of counsel, Vasquez

7

had to establish, among other things, that his counsel's allegedly deficient performance resulted in prejudice. *See Surganova v. Holder*, 612 F.3d 901, 907 (7th Cir. 2010) (stating that even though the Immigration Board's legal framework for assessing claims that counsel provided ineffective assistance during immigration proceedings is "in a state of flux," regardless of the standard used, the alien must "demonstrate prejudice resulting from the attorney's substandard performance"); *Adeaga v. Holder*, 548 F. App'x 68, 69 (4th Cir. 2013) (same).

Here, Vasquez concedes that in testifying before the Immigration Judge that he had a valid visa when he attempted to enter the United States, he was referring to his *non-immigrant* B-1/B-2 visa. Yet Vasquez's statements upon entry revealed that he intended to *immigrate* rather than to visit, rendering his B-1/B-2 non-immigrant visa invalid. And even if Vasquez's counsel had erred in failing to raise on appeal to the Immigration Board Vasquez's testimony that he had a valid visa at the time of his attempted entry, Vasquez cannot establish prejudice because, at the time of his appeal, Vasquez had already overstayed his B-1/B-2 visa and therefore could not rely on that visa as a basis to challenge his removability. Accordingly, the Immigration Board did not abuse its discretion in denying Vasquez's motion to reopen his immigration proceedings.

## III.

For the foregoing reasons, we deny the petitions for review.

*PETITIONS DENIED*