# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 20-1938

MERIS EMELISA ROMERO-AMAYA,

    Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 22, 2021      Decided: October 1, 2021

Before WILKINSON, AGEE, and QUATTLEBAUM, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Daniel Christmann, CHRISTMANNLEGAL, Charlotte, North Carolina, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Shelley R. Goad, Assistant Director, Jennifer A. Singer, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Meris Emelisa Romero-Amaya (Romero), a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's decision denying as time-barred Romero's motion to reopen her removal proceedings. We deny the petition for review in part and dismiss it in part.

First, we have reviewed the Board's order in conjunction with the administrative record and conclude that the Board did not abuse its discretion in (a) adopting the immigration judge's ruling that the motion to reopen was time-barred, *see* 8 C.F.R. § 1003.23(b)(1) (2021); or (b) ruling that Romero failed to substantially comply with the requirements of *In re Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), so to excuse the untimeliness of her motion, *see Barry v. Gonzales*, 445 F.3d 741, 745-47 (4th Cir. 2006) (providing standard of review, discussing *Lozada* requirements, and explaining that this court will "only review the merits of the [Board's] denial of a motion to reopen on the basis of ineffective assistance of counsel where the alien has complied with" those requirements). We therefore deny the petition for review in part for the reasons stated by the Board. *See In re Romero-Amaya* (B.I.A. Aug. 4 , 2020).

Ancillary to this, Romero complains of the agency's failure to separately consider whether to equitably toll the 90-day reopening period. *See Kuusk v. Holder*, 732 F.3d 302, 305-06 (4th Cir. 2013) (recognizing that principles of equitable tolling apply to "untimely motions to reopen removal proceedings"). But review of the record reveals that Romero did not specifically raise such a contention in either of her administrative filings, which instead were focused on the ineffective assistance allegedly provided by Romero's former

2

attorney. An immigrant must exhaust "all administrative remedies available to [her] as of right" before filing a petition for review of a final order of removal. 8 U.S.C. § 1252(d)(1). An immigrant who does not "adequately raise" a particular claim before the Board fails to exhaust that claim. *Perez Vasquez v. Garland*, 4 F.4th 213, 229 (4th Cir. 2021); *see Tiscareno-Garcia v. Holder*, 780 F.3d 205, 210 (4th Cir. 2015). Because Romero did not exhaust this particular claim, we lack jurisdiction to consider it.

For these reasons, we deny the petition for review in part and dismiss it in part for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART*,
*PETITION DISMISSED IN PART*