**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1970

HENRY OSAGI OSEMWENKHAE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  August 18, 2022                    Decided:  August 22, 2022

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**   Danielle Beach-Oswald, BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC, Washington, D.C., for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Erica B. Miles, Acting Assistant Director, Bernard A. Joseph, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Osagi Osemwenkhae, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals denying Osemwenkhae's 2018 motion to reopen his removal proceedings, which were closed in 2008. We have reviewed the Board's order, in conjunction with the administrative record, and conclude that the Board did not abuse its discretion in ruling that the motion was time-barred, *see* 8 C.F.R. § 1003.2(c)(2) (2022), and that Osemwenkhae failed to substantially comply with the requirements of *In re Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), so to excuse the untimeliness of his motion, *see Barry v. Gonzales*, 445 F.3d 741, 745-47 (4th Cir. 2006) (providing standard of review, discussing *Lozada* requirements, and explaining that this court will "only review the merits of the [Board's] denial of a motion to reopen on the basis of ineffective assistance of counsel where the [noncitizen] has complied with" those requirements). We therefore deny the petition for review in part for the reasons stated by the Board. *See In re Osemwenkhae* (B.I.A. Aug. 6, 2021).

Osemwenkhae also challenges the Board's refusal to exercise its authority to reopen his proceedings sua sponte. We lack jurisdiction to review how the Board exercises its sua sponte discretion. *See Lawrence v. Lynch*, 826 F.3d 198, 206-07 (4th Cir. 2016); *Mosere v. Mukasey*, 552 F.3d 397, 400-01 (4th Cir. 2009). We therefore dismiss the petition for review in part. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART*
*AND DISMISSED IN PART*