**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1843

MARGARET O. OWE; MICHAEL T. OWE; PAUL O. OWE,

Petitioners,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: April 9, 2009                   Decided: June 18, 2009

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Theodore N. Nkwenti, LAW OFFICE OF THEODORE NKWENTI, Silver
Spring, Maryland, for Petitioners. Michael F. Hertz, Acting
Assistant Attorney General, John W. Blakeley, Senior Litigation
Counsel, Jane T. Schaffner, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margaret Omolara Owe ("Owe") and her two children, all natives and citizens of Nigeria, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her motion to reopen. We deny the petition for review.

This court reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.23(b)(1)(iv) (2008); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006). The Board's decision should be reversed only if it is arbitrary, capricious or contrary to law. Massis v. Mukasey, 549 F.3d 631, 636 (4th Cir. 2008). A denial of a motion to reopen must be reviewed with extreme deference, since such motions are disfavored and every delay works to the advantage of the deportable alien. Barry, 445 F.3d at 744-45. When, as here, the Board affirmed the immigration judge's decision to deny the motion to reopen, the court reviews that decision and the immigration judge's decision to the extent the Board relied upon it. Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

A removal order issued in absentia may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined

2

in subsection (e)(1) of this section)." See 8 U.S.C. § 1229a(b)(5)(C)(i) (2006). Section 1229a(e)(1) provides that:

> The term "exceptional circumstances" refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.

In determining whether exceptional circumstances are present, the immigration judge should consider the totality of the circumstances. Kaweesa v. Gonzales, 450 F.3d 62, 68-69 (1st Cir. 2006) (including the strength of the alien's underlying claim); Romero-Morales v. INS, 25 F.3d 125, 129-31 (2d Cir. 1994). Because both the Board and the immigration judge made the factual finding that Owe provided insufficient evidence establishing the existence of exceptional circumstances, the finding "must stand unless the record *compels* reversal . . ." Celis-Castellano v. Ashcroft, 298 F.3d 888, 892 (9th Cir. 2002).

We find no abuse of discretion as the Board has made it clear that in a motion to reopen based on exceptional circumstances brought on by a serious illness, the alien has the burden of providing "detail regarding the cause, severity, or treatment of the alleged illness" in the form of evidence from a medical professional or detailed affidavits from the alien, roommates, friends and co-workers attesting to the extent of the illness. In re J-P-, 22 I. & N. Dec. 33, 34 (B.I.A. 1998).

3

Because the record does not compel a different result, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>