**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-1054**

———————

OLADIPO OLAFUNMILOYE,

                Petitioner,

       v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted: August 6, 2009         Decided: August 25, 2009

———————

Before MICHAEL, DUNCAN, and AGEE, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Rion Latimore, LATIMORE ESQ., LLC., Cincinnati, Ohio, for Petitioner. Tony West, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Jesse Lloyd Busen, Trial Attorney, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oladipo Olafunmiloye, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. We deny the petition for review.

This court reviews the denial of a motion to reopen removal proceedings for abuse of discretion. Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009) (citing INS v. Doherty, 502 U.S. 314, 323 (1992); Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999)). Motions to reopen are disfavored "in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Doherty, 502 U.S. at 323. We will reverse the Board's decision only if it is arbitrary, capricious, or contrary to law. Barry v. Gonzales, 445 F.3d 741, 745 (4th Cir. 2006). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006).

An alien may only file one motion to reopen removal proceedings and he must file the motion within ninety days of the final removal order, unless his motion "is based on changed country conditions arising in the country . . . to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the

2

previous proceeding." 8 U.S.C. § 1229a(c)(7) (2006). It is undisputed that Olafunmiloye's motion was time-barred, unless he could show changed country conditions based on material evidence that was not available and could not have been discovered or presented at his removal proceeding.

We find substantial evidence supports the Board's finding that Olafunmiloye did not show changed country conditions with respect to either the particular group in which he claims membership or because of his political opinion or one that may be imputed to him because of his father's activities. The record evidence does not compel a different result.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED