**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1470**

_____

OLUNIKE ADERONKE ADEAGA,

                Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  November 15, 2013     Decided:  December 5, 2013

_____

Before KING, WYNN, and FLOYD, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Stuart F. Delery, Assistant Attorney General, Emily Anne Radford, Assistant Director, Craig A. Newell, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olunike Aderonke Adeaga, a native and citizen of the United Kingdom, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her motion for reopening based on ineffective assistance of counsel. We deny the petition for review.

We review the denial of a motion to reopen for abuse of discretion. See 8 C.F.R. § 1003.2(a) (2013); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). We will reverse the denial of a motion to reopen only if it is "arbitrary, irrational, or contrary to law." Mosere, 552 F.3d at 400 (internal quotation marks omitted).

In raising an ineffective assistance of counsel claim in immigration proceedings, the alien must (1) provide an affidavit describing her agreement with counsel; (2) inform counsel of the allegations and permit counsel an opportunity to respond, and (3) indicate whether a complaint were filed with the appropriate disciplinary authorities, and if not, explain

2

why not.  Matter of Lozada, 19 I. & N. Dec. 637, 639 (B.I.A. 1988).

In addition to complying with the Lozada requirements, an alien must demonstrate that she was prejudiced as a result of her counsel's ineffectiveness.  Id. at 640 (holding that alien must also show that she was prejudiced by counsel's actions); see also Surganova v. Holder, 612 F.3d 901, 907 (7th Cir. 2010) (recognizing that the legal standards for ineffective assistance claims in the immigration context are "in a state of flux" and noting that, regardless of the standard used, it is still necessary for aliens "to demonstrate prejudice resulting from the attorney's substandard performance"); Debeatham v. Holder, 602 F.3d 481, 485 (2d Cir. 2010).

We require that aliens raising the ineffective assistance of counsel claims in immigration proceedings show at least substantial compliance with the Lozada requirements. Barry v. Gonzales, 445 F.3d 741, 746 (4th Cir. 2006).  We will review an ineffective assistance of counsel claim if the alien substantially complies with the Lozada requirements, "such that the BIA could have ascertained the claim was not frivolous and otherwise asserted to delay deportation."  Id.

Under 8 U.S.C. § 1229b(b)(1) (2012), an alien who is otherwise removable or inadmissible may apply for cancellation of removal.  The Attorney General may grant such relief if the

3

alien shows (1) ten years' physical presence in the United States immediately preceding the application; (2) that she has been a person of good moral character during that period; (3) has not been convicted of certain offenses; and (4) that her removal would result in an exceptional and extremely unusual hardship to her parent, spouse or children who are United States citizens.

We conclude that the Board did not abuse its discretion in dismissing the appeal. Adeaga failed to show that she was prejudiced by counsel's failure to file the application for cancellation of removal. She did not show that she had the required years of continuous presence or that her removal to the United Kingdom would be an exceptional and extremely unusual hardship to her husband and United States citizen children. We also note she did not substantially comply with the Lozada requirements.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

4